IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:06-cr-00017

HOWARD MARK HARTLEY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's second motion to correct sentence [Docket 81]. On August 10, 2006, the court sentenced defendant, Howard Mark Hartley, to serve twelve months' imprisonment. Defendant moved to correct the sentence on August 21, 2006. For the following reasons, the court **DENIES** defendant's motion.

Pursuant to Rule 35(a), a district court may correct a sentence that resulted from clear error if the court acts within seven days (excluding weekends) of imposition of the sentence. F. R. Crim. P. 35(a). In this case, the jurisdictional time period elapsed on August 22, 2006. The court now writes to clarify why a variance sentence was not imposed in this case.

Defendant's motion asserts that this court erred as a matter of law by stating that the Fourth Circuit and other appellate courts had "pretty well read [*Booker*] out of existence," thereby severely limiting this court's discretion to vary from the Guidelines. Mr. Hartley asked this court (1) to recognize that it retains discretion to enter variance sentences below the Guidelines; and (2) to enter a sentence below the Guideline range in this case.

I recognize that district courts retain some measure of discretion to vary from the applicable Guideline range. The Fourth Circuit, however, has narrowly confined the exercise of that discretion by adopting a Guideline-centric view of reasonableness review. By adopting the Guideline-centric approach to sentencing, the Fourth Circuit has made clear that the Guidelines are not merely one of multiple factors to be considered in sentencing under 18 U.S.C. § 3553(a), rather they are the central factor. Accordingly, the Fourth Circuit considers sentences imposed within the proper advisory Guideline range "presumptively reasonable." *United States v. Johnson*, 445 F.3d 339, 341 (4th Cir. 2006). Although the Fourth Circuit states that "a sentence falling outside of the properly calculated Guidelines range is not ipso facto unreasonable, *United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006), they advise that the "further the [district] court diverges from the advisory Guideline range, the more compelling the reasons for the divergence must be." *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006). The Fourth Circuit, thus, severely limits my discretion to impose a variance. With those restrictions upon the exercise of my discretion in mind, I made comments at the sentencing hearing, which I intended only to reflect my view that a sentence in this case below the Guideline range would not survive the circuit court's reasonableness review.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:     October 11, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE